*300 OPINION of the Court, ,by
Judge Owsley. —
C. purchased from Campbell iu his lifetime eight acres of land in Jefferson county, at which time the par-tjes entered into an agreement in writing, containing the mutual stipulations of each, and to a true perform-anee thereof each bound himself in the penalty of 200 dollars.
Beaior, in pursuance of the stipulations on his part, paid Campbell a negro man at the price of 400 dollars, jn part for the land ; after which both parties died, and ^ heirs Qf Campbell sold the land to Cosby, who likewise administered on Campbell s estate. JL he aominis-trator and heirs of Beaior then exhibited their bill in chancery, alleging the purchase and payment of the negro aforesaid, and charging that both C. Beaior and Campbell whilst living agreed to cancel the contract, an(^ Prayed for a decree to that effect, and compensation for the negro.
The administrator of Campbell admits be heard both C- Beaior and Campbell say they were willing to cancel the contract; but he knows cff no agreement of the parties to that effect, but alleges a failure on the part of Beal°r to comply with his contract, whereby he conceive$ Beaior has become chargeable for the penalty ; and admits he has purchased the land from the represen-of Campbell ',
On a hearing of the cause the court below decreed the contract to be set aside, and the administrator of Campbell to pay the price of the negro with interest, out of the estate in his hands to be administered, and posts out of his own estate, &c. From this decree the administrator of Campbell has prosecuted this appeal,
There can be no doubt but that the circuit court decided correctly in setting aside the contract. After the mutual assent of both that the contract should be can-celled, and when the land has been disposed of by the representatives of the seller to a purchaser for a valua-We consideration, it is clear that at the instance of the purchaser he should be relieved from the contract; and if is equally clear that under such circumstances nebher party should in equity obtain a decree for the penalty stipulated in the agreement.
*301 If, therefore, the decree is correct in cancelling the contract, it necessarily follows that the appellee has a a right to compensation for the price of the negro delivered in part pay for the land, and that the proper measure of that compensation is the price of the negro with interest from the time he was received by Campbell, and that the court below properly made their decree d. - ■ngiy.
But we are of opinion that the decree is erroneous in making the appellant nay the costs out of his own estate. It was held m the case of Beauchamp vs. Davis, executor, (ante 115) that according to the existing laws executors or administrators are not chargeable, in cases like the present, for costs beyond the assets to be administered.
The decree, therefore, in every respect but as to the costs, is correct and must be affirmed ; and as to the costs, it must be reversed, and the cause remanded to the court below and a decree there entered for costs to be paid out of the estate of the intestate, See. Each party inust pay their costs in this court.